857 F.2d 1474
 130 L.R.R.M. (BNA) 3088
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
CHURCHILL'S SUPER MARKETS, INC. Petitioner,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent.
 No. 87-6064.
 United States Court of Appeals, Sixth Circuit.
 Sept. 20, 1988.
 
 Before KEITH, KENNEDY and ALAN E. NORRIS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Petitioner, Churchill's Super Markets, Inc., seeks review of an order of the National Labor Relations Board (the "Board") finding it in violation of Sec. 10(f) of the National Labor Relations Act, as amended, 29 U.S.C. Sec. 160(f). The Board filed a cross-application for enforcement of its order pursuant to Sec. 10(e) of the Act.
 
 
 2
 After hearing arguments of counsel, and after careful review of the briefs and record on appeal, we conclude that the Board was correct in finding that the company violated Sec. 8(a)(1), (3) and (5) of the Act. Even though there had been a seven year delay on the part of the Board between the time of the violations and its decision, the Board was entitled to find that the taint of the serious illegal acts of the employer may still linger at the company's produce warehouse, the place where the union activity began. See, e.g., NLRB v. Katz, 369 U.S. 736, 748 n. 16 (1962). Accordingly, for the reasons set forth in its decision of July 31, 1987, we enforce the Board's order to bargain and deny the petition for review.
 
 
 3
 ALAN E. NORRIS, Circuit Judge, dissenting.
 
 
 4
 I am unable to say that the Administrative Law Judge was not warranted in drawing the conclusion that exceptional circumstances were then present to justify the extraordinary remedy of ordering the parties to proceed directly to bargaining, thereby by-passing the normal, preferred remedy of an election. However, I would hold that the Board abused its discretion when, after having delayed the matter for seven years, it concluded that the extraordinary remedy was still required, without having conducted any factual inquiry as to whether conditions still existed to require that order to the exclusion of the preferred remedy. See, e.g., Clark's Gamble Corp. v. NLRB, 422 F.2d 845 (6th Cir.), cert. denied, 400 U.S. 868 (1970).
 
 
 5
 It seems to me that the practical effect of the holding of the majority is that the negative effects of outrageous conduct can never be said to have dissipated by reason of the passage of time, so that an election can be ordered.