873 F.2d 1440
 130 L.R.R.M. (BNA) 3088
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
NELLO L. TEER COMPANY, Petitioner,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent.
 No. 88-2181.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Feb. 16, 1989.
Decided: April 3, 1989.
 
 Charles R. Volk, Susan Brahm Gunn, Volk, Frankovitch, Anetakis, Recht, Robertson & Hellerstedt, on brief, for petitioner.
 Rosemary M. Collyer, General Counsel; Robert E. Allen, Associate General Counsel; Aileen A. Armstrong, Deputy Associate General Counsel; Howard E. Perlstein, Supervisory Attorney; Marilyn O'Rourke Athens, National Labor Relations Board, on brief, for respondent.
 Before DONALD RUSSELL and SPROUSE, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Nello L. Teer Company appeals an order of the National Labor Relations Board granting summary judgment and directing the company to bargain with the United Mine Workers of America, as the exclusive bargaining representative of the company's construction employees, and to take other remedial action for violation of section 8(a)(5) and (1) of the National Labor Relations Act, 29 U.S.C. Sec. 158(a)(5) and (1). The Board has filed a cross-application for enforcement of its order pursuant to section 10(e) of the Act, 29 U.S.C. Sec. 160(e). The company contends that the certification of the union is invalid because the Board erroneously overruled and counted the challenged ballots of three unreinstated economic strikers. Our examination of the record convinces us that the Board did not abuse its discretion. NLRB v. Manufacturer's Packaging Co., 645 F.2d 223, 225 (4th Cir.1981). We grant enforcement.
 
 
 2
 The election for union representation was held on September 25, 1987, and resulted in 22 votes for the union, 23 votes against the union, and 7 challenged ballots. The Board sustained three challenges, deferred its decision on one challenge, and overruled three challenges to ballots cast by Ronald Brown, Clayton Thompson, and Ricky Trent, which made the final results of the election 25 votes for the union and 23 votes against the union. Brown, Thompson, and Trent were economic strikers who were permanently replaced during the strike, which lasted from April 27, 1987, to May 7, 1987, but were placed on a preferred recall list.
 
 Section 9(c)(3) of the Act provides:
 
 3
 Employees engaged in an economic strike who are not entitled to reinstatement shall be eligible to vote under such regulations as the Board shall find are consistent with the purposes and provisions of this subchapter in any election conducted within twelve months after the commencement of the strike.
 
 
 4
 29 U.S.C. Sec. 159(c)(3). If the striker's job has been permanently abolished prior to the election for valid economic reasons unrelated to the strike, the striker is not eligible to vote under the one-year rule. Duncan Foundry & Machine Works, Inc. v. NLRB, 458 F.2d 933, 937 (7th Cir.1972). The company asserts that because employment in the company would peak in October 1987 and would begin to decline in December 1987 due to the winter shut-down, the strikers were ineligible to vote. These facts do not establish that the strikers' jobs were eliminated prior to the election on September 23, 1987.
 
 
 5
 The Board's determination that Brown, Thompson, and Trent were eligible to vote was not an abuse of discretion. The company's petition for review is denied, and the order of the Board is enforced.